UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ORION MEDICAL SERVICES, LLC.,     6:17-cv-651-JR

             Plaintiff,

             ORDER

    v.

DOROTHY COBB, individually,

             Defendant.

RUSSO, Magistrate Judge:

       Plaintiff, Orion Medical Services, LLC ("OMS"), brings this action seeking declaratory relief and alleging a claim for interference with a business relationship. Defendant Dorothy Cobb moved to dismiss on several grounds that generally were not well-taken.[1] However, this court recommended dismissal of the action based on the Supreme Court's Brillhart factors. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). In a case brought pursuant to the Declaratory Judgment Act,

---

[1] As noted in the Findings and Recommendation regarding the motion to dismiss, the claim for intentional interference with business relations claim is more appropriately styled as an anticipatory breach of contract claim. The alleged interference either related to interference with financial issues of third parties not represented by plaintiff's counsel or to consequential damages to OMS as a result of the purported breach of the Columbia Settlement Agreement release at issue in the case. Findings and Recommendation (doc. 18) at p. 8, n. 2.

Page 1 - ORDER

as here, consideration of these factors favor dismissal due to the certainty provided by resolution through one action in Texas where parallel litigation is proceeding. See id.; Findings and Recommendation (F&R) (doc. 18). After the issuance of the F&R, plaintiff filed a motion to amend its complaint eliminating both the claim for declaratory relief with respect to the Colombia Settlement Agreement and the claim for wrongful interference while adding claims for breach of contract and misrepresentation.

Although the proposed amended complaint retains one claim for declaratory judgment related to an insurance policy, it now adds a more appropriately alleged claim for breach of the releases in the Columbia Settlement Agreement. As noted in the F&R, the presence of other properly pleaded claims may require a court to retain the declaratory action. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225–26 (9th Cir. 1998) (When other claims are joined with an action for declaratory relief, such as breach of contract or claims for other monetary relief, the district court should not, as a general rule, decline to entertain the declaratory relief claim.). Accordingly, the Brillhart factors no longer serve as a discretionary tool allowing the court to decline jurisdiction.

Defendant asserts that amendment is futile because of the reasons stated in the motion to dismiss the original complaint. However, those reasons are no longer well-taken as they are not specifically targeted to the amended complaint. The court notes: defendant is sued in all her capacities including her capacity as a signatory to the Columbia settlement agreement;[2] the court has subject matter jurisdiction based on diversity; and personal jurisdiction is appropriate because the alleged breach involves an agreement entered into in the State of Oregon while the defendant was

---

[2]In addition, the Texas litigation involves the Estate of James Cobb, and the parties to the Columbia Gorge Settlement Agreement including James H. Cobb, Jr., and his respective heirs, successors and assigns, and notably including the defendant.

a resident of Oregon. Moreover, although defendant briefly raised the issue of venue in the motion to dismiss directed at the original complaint, defendant has not moved for transfer of venue. Thus, plaintiff has not had an adequate opportunity to fully address the appropriateness of venue in this court. As such, the motion to amend is allowed.

## CONCLUSION

Plaintiff's motion to amend (doc. 24) is granted. The motion to dismiss (doc. 6) is denied as moot and the court withdraws its F&R (doc. 18).

DATED this 1st day of February 2018.

                                                                               s/Jolie A. Russo
                                                                               JOLIE A. RUSSO
                                                                               United States Magistrate Judge